# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HIGHMARK INC.** and **KEYSTONE HEALTH PLAN WEST, INC.**,<br><br>Plaintiffs,<br><br>v.<br><br>**MICHAEL F. CONSEDINE** *Commissioner, Pennsylvania Insurance Department*, **KATHLEEN G. KANE** *Attorney General, Commonwealth of Pennsylvania*, and **MICHAEL E. WOLF** *Secretary, Pennsylvania Department of Health*,<br><br>Defendants. | Civil No. 14-1388 |

## Opinion & Order

Plaintiffs Highmark Inc. and Keystone Health Plan West, Inc. (hereinafter "Highmark") have filed a Complaint against Defendants Michael Consedine, Commissioner, Pennsylvania Insurance Department, Kathleen G. Kane, Attorney General, Commonwealth of Pennsylvania, and Michael E. Wolf Secretary, Pennsylvania Department of Health, (hereinafter collectively "the State").

The underlying factual background of this case is related to a new Medicare Advantage product offered by Highmark called Community Blue Medicare HMO (also known as "Community Blue MA") that has been properly approved by the appropriate federal agency, the Centers for Medicare and Medicaid Services ("CMS"). The State views Highmark's Community Blue MA as being in violation of the Order approving a Consent Decree between Highmark and the Commonwealth of Pennsylvania entered on July 1, 2014 by the Honorable Dan Pellegrini,

President Judge of the Commonwealth Court of Pennsylvania. Accordingly, on October 10, 2014, the State filed an "Application to Hold Highmark in Contempt and Enforce Consent Decree and Issue Preliminary Injunction in the Commonwealth Court." The issues in the Commonwealth Court have been briefed and a hearing on the State's Application is set for October 22, 2014 at 1:00 p.m. in Harrisburg, Pennsylvania.

Highmark has filed the instant action seeking (1) a declaratory judgment pursuant to 28 U.S.C. § 2201 finding that Defendants' enforcement action against Highmark filed in the Commonwealth Court is preempted by federal law, and (2) seeking an order that would enjoin Defendants from all actions seeking Defendants' requested enforcement relief in the state court action. Highmark has also filed a motion for a preliminary injunction and a motion for a temporary restraining order ("TRO"). In Highmark's motion for a TRO, it requests, in addition to the above requested relief, that we enjoin the State from issuing notices to Pennsylvania insurance brokers stating that the Community Blue MA plan may be unlawful.

In response to Highmark's Complaint, the State has filed a Motion to Dismiss the Complaint requesting that we decline to exercise jurisdiction pursuant to the Federal Anti-Injunction Act's mandate against intervention in state court proceedings, 28 U.S.C. § 2283, as well as principles of abstention as set forth in Younger v. Harris, 401 U.S. 37 (1971). A conference was held this morning in which both sides presented their positions.

It is apparent that time is of the essence here. If we grant Highmark's TRO or otherwise grant Highmark's requested relief it will prevent the State from proceeding with its Application in the Commonwealth Court. Because we determine that Highmark's requested relief requires this Court to interfere in a state court proceeding, an action that is prohibited by the Anti-Injunction Act, we will grant the State's motion to dismiss.

2

The Anti-Injunction Act states as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. "Although technically [plaintiffs] seek only to enjoin the [defendants] and not the state court proceeding itself, the Anti-Injunction Act cannot be evaded by such a formality." The 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401, 405 (3d Cir. 1992). As stated above, if this Court were to issue the relief requested by Highmark it would as a practical matter prevent the Commonwealth Court from moving forward with its proceedings and interpreting and enforcing its Order approving the Consent Decree. In addition, the mere fact that preemption may be at issue, is not a recognized exception to the Anti-Injunction Act. See Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 149 (1988) ("'a federal court does not have inherent power to ignore the limitations of §2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakable clear,'" quoting Atlantic Coastline R. Co. v. Locomotive Engineers, 398 U.S. 281, 294 (1970)).

We are not persuaded by Highmark's argument that the Anti-Injunction Act does not apply to this case. Highmark first argues that federal preemption is necessary in this case because the State's action in Commonwealth Court is in direct conflict with the federal Medicare Act, specifically, with Medicare's broad preemption provision, which states:

> The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to MA plans which are offered by MA organizations under this part.

42 U.S.C § 1395w-26(b)(3). Highmark also argues that the State's enforcement action in Commonwealth Court is an attempt to interfere with Highmark's contractual obligations with the

3

federal government, and that the contract is exclusively a federal matter. Finally, Highmark suggests that the State is attempting to supersede the determination by the federal government; that is, CMS's determination, that Highmark's MA product satisfies the exclusive federal regulatory scheme.

We have no doubt that Congress made it clear that MA plans should be regulated exclusively by the federal government. We also agree that CMS has determined that Highmark's Community Blue MA plan meets the federal regulations. However, we conclude that the State is not attempting to overrule CMS's decision or otherwise find that CMS's approval of the Community Blue MA plan was in error. Instead, in its Application in Commonwealth Court the State is alleging that Highmark has violated a term of a contract it voluntarily entered into with the State. We see no conflict between the determination of CMS that Highmark's Community Blue MA plan was compliant with federal regulations, and the State's allegation that the same plan violated the Consent Decree. Similarly, the fact that Highmark has a federal government contract to offer its CMS-approved Community Blue MA plan seems to be an entirely separate issue from the obligations Highmark voluntarily entered into in the Consent Decree.

The State is seeking resolution of a dispute regarding provisions of a Consent Decree entered by an Order of Court of the Commonwealth Court. "The fact that the state proceeding presents a preemption issue does not alter the respect due the state tribunal." US Steel Corporation Plan for Employee Insurance Benefits v. Musisko, 885 F.2d 1170, 1178 (3d Cir. 1989). We have no doubt that the able President Judge Pellegrini of the Commonwealth Court is perfectly capable of ruling on Highmark's federal preemption issue. As the United States Supreme Court has stated, "when a state proceeding presents a federal issue, even a preemption

issue, the proper course is to seek resolution of that issue by the state court." Chick Kam Soo, 486 U.S. at 149-150.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that the State's Motion to Dismiss the Complaint is hereby GRANTED.

IT IS FURTHER ORDERED that Highmark's Motion for Preliminary Injunction and Motion for Temporary Restraining Order are hereby DENIED.

The Complaint is hereby DISMISSED.

Date: *October 21, 2014*       *Maurice B. Cohill, Jr.*
                               Maurice B. Cohill, Jr.
                               Senior United States District Court Judge